**James Fitzgerald BOYD, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 03–CF–830.**

District of Columbia Court of Appeals.

March 3, 2005.

Ferris R. Bond, Washington, DC, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Elizabeth Trosman, and Ann K.H. Simon, Assistant United States Attorneys, were on the motion for summary affirmance filed by appellee.

Before FARRELL and GLICKMAN, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Appellant, James Fitzgerald Boyd, was convicted by a jury of one count of utter-

ing, in violation of D.C.Code § 22–3241(a)(2)(2001), and one count of attempted second-degree theft, in violation of D.C.Code § 22–3211(b)(1). The trial court sentenced appellant to concurrent sentences of imprisonment on the two counts. The only issue raised by appellant in his brief is whether his convictions of the two offenses merge. Appellee has filed a motion for summary affirmance which we hereby grant.

Appellant was convicted of uttering a counterfeit check that he gave to the complaining witness. He was convicted of attempted second-degree theft based on his attempt to induce the complaining witness to deposit the check in her account and withdraw funds for his use.

This court has not specifically addressed the question whether the crime of uttering merges with the offense of attempted second-degree theft. The answer is clear, however. To "utter" means "to issue, authenticate, transfer, publish, sell, deliver, transmit, present, display, use, or certify [a forged written instrument]." D.C.Code § 22–3241(a)(2). "Attempted theft" occurs when an individual attempts to wrongfully obtain or use the property of another with intent "[t]o deprive the other of a right to the property or a benefit of the property," or "[t]o appropriate the property to his or her own use or to the use of a third person." D.C.Code §§ 22–1803, –3211(b). Each offense thus requires proof of an element that the other does not. Under the so-called "*Blockburger test*,"[1] the crimes of uttering and attempted theft therefore are "separate and distinct" offenses that do not merge.

1. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there

The judgment on appeal is hereby

*Affirmed.*

are two offenses or only one is whether each provision requires proof of a fact that the other does not."); *see also Byrd v. United States,* 598 A.2d 386 (D.C.1991) (en banc).